IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL JEFFERSON,                       )
                                        )
        Plaintiff,                      )
v.                                      )   No. 3:12-cv-00485
                                        )   Judge Campbell/ Bryant
CHARLES BARLESS, ET AL.,                )
                                        )
        Defendants.                     )

To: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Currently pending in this civil action are defendant George Barlis' and defendant Corizon's motions for summary judgment (Docket Entries Nos. 122 and 144, respectively). Plaintiff has filed responses in opposition to these motions. (Docket Entries Nos. 133 and 158). For the reasons set forth below, the undersigned recommends that defendant Barlis' and defendant Corizon's respective motions for summary judgment be **GRANTED**.

### II. BACKGROUND

Plaintiff Samuel Jefferson, an inmate of the Tennessee Department of Correction at the outset of this action, initially filed suit pro se against defendant Barlis, defendant Corizon, and others on May 15, 2012. (Docket Entry No. 1). Plaintiff made numerous claims, most of which were dismissed upon initial screening. (Docket Entry No. 10). Plaintiff amended his complaint to include numerous claims against the remaining defendants under 42 U.S.C §§ 1931, 1983, and Chapter 126 of the Americans with Disabilities Act. (Docket Entry No. 90).

The defendants have raised as an affirmative defense the plaintiff's failure to exhaust all administrative remedies as were available to him, pursuant to the Prison Litigation Reform Act. By their instant motions, the defendants seek entry of summary judgment in their favor, based primarily on the argument that the evidence they and the plaintiff have produced shows that there is no issue of material

1

fact as to whether the plaintiff failed to exhaust the administrative remedies available to him. Defendants assert that the plaintiff failed to exhaust, and thus, the District Court cannot entertain the plaintiff's claims.

III. CONCLUSIONS OF LAW

a. Prison Litigation Reform Act

The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). It is undisputed that for a claim to be brought by a prisoner, said prisoner must first exhaust those administrative remedies available to him, and that no unexhausted claims are to be considered by the courts. Jones v. Bock, 549 U.S. 199, 219-20 (2007); Booth v. Churner, 532 U.S. 731 (2001). To properly exhaust the administrative remedies available to him, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules," defined by the prison grievance process. Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).

According to the Administrative Policies and Procedures for the State of Tennessee Department of Correction, referenced in defendant Barlis' proof (Docket Entry No. 124 at 7),[1] the inmate grievance process involves three levels. The first level requires that grievances be filed within seven calendar days of the occurrence giving rise to the grievance. The grievance chairperson will review the grievance and issue a response, based on the response of the supervisor of the employee who was the subject of the grievance, within seven working days. If the grievant is unsatisfied with this response, he may appeal it to the second level within 5 calendar days of receiving the Level I response. At the second level, a hearing will be held, after which the grievance committee will forward a proposed response to the Warden, who shall forward his decision to the chairperson, who will notify the grievant of the response. If the grievant

---

[1] The contents of the Department of Correction's grievance policy can be found at http://www.tennessee.gov/correction/pdf/501-01.pdf.

is still unsatisfied, he may appeal to the third level within 5 days of receiving the Level II response. This appeal will be copied to the Deputy Commissioner of Operations. The Deputy Commissioner will send his Level III response to the chairperson for distribution within 25 working days of the appeal. The decision of the Deputy Commissioner is final and not subject to appeal. If the prisoner is still unsatisfied, it is at this time that he would be allowed to file a claim in federal court.

    i.   George Barlis

As to his claims against defendant Barlis, plaintiff Jefferson did not exhaust those administrative remedies available to him. According to plaintiff's letter to the Attorney General of the State of Tennessee (Docket Entry No. 133), plaintiff asked that his grievance against George Barlis be shelved, contingent upon Barlis' future behavior. Thus, none of the levels of the grievance process were completed with respect to misconduct attributed to Barlis. As such, the plaintiff has failed to exhaust such administrative remedies as were available to him.

    ii.   Corizon

Here, attached to the affidavit of Dennis Davis (inmate grievance chairperson at the Lois Deberry Special Needs Facility where plaintiff was housed), defendants produced the only grievance properly filed by the plaintiff during the relevant time period, which was against Lieutenant Chaney (Docket Entry No. 124). Plaintiff argues that the defendant did not produce all of the grievances filed by plaintiff, and plaintiff produced his grievance against Corizon. (Docket Entry No. 133). Plaintiff submitted the grievance against Corizon, with claims relevant to those in this suit, on May 31, 2012 under Level I procedures. (Docket Entry No. 133 at 4).

However, according to the Reply to Response to Defendant Barlis' Motion for Summary Judgment (Docket Entry No. 135), the grievance against Corizon was not included with the Davis affidavit because it was not properly filed. After submitting the grievance, plaintiff received an Inappropriate Grievance Notification (Docket Entry No. 133) from the grievance chairperson, who requested that the plaintiff schedule an appointment with him because he was uncertain about the

3

grievance. At this time, plaintiff had the opportunity to correct the grievance and resubmit it. No evidence has been produced showing that plaintiff resubmitted a proper grievance. Thus, evidence has been produced showing that plaintiff, by not resubmitting an appropriate grievance, did not properly file a grievance against Corizon, and no evidence has been produced to the contrary. As such, the plaintiff has failed to properly exhaust such administrative remedies as were available to him.

    b. <u>Summary Judgment</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In determining whether the movant has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party, <u>Matsushita Electric Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986), drawing all justifiable inferences in his favor. In order to defeat the motion, the nonmoving party may not merely rely on conclusory allegations contained in the complaint, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986), but must affirmatively demonstrate "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson v. Liberty, Inc.</u>, 477 U.S. 242, 249 (1986).

Here, evidence was produced showing that the plaintiff did not exhaust the administrative remedies available to him—plaintiff's own admission that he asked to shelve his complaint against Barlis (Docket Entry No. 133), and the Inappropriate Grievance Notification (Docket Entry No. 133 at 4) in conjunction with the affidavit of Dennis Davis (Docket Entry No. 124). Thus, defendants have shown that there is no issue of material fact as to whether plaintiff exhausted the administrative remedies available to him. As such, this court cannot entertain the claims by plaintiff, and the respective motions for summary judgment by defendants should be granted.

IV. RECOMMENDATION

In light of the foregoing, the undersigned recommends that defendant Barlis' and defendant Corizon's respective motions for summary judgment be **GRANTED**.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Millon, 380 F.3rd 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 7th day of February, 2014.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE