UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, | ) |
| Plaintiff | ) Case No. 3:12-0485 |
| | ) Judge Campbell/Bryant |
| v. | ) **Jury Demand** |
| CHARLES BARLESS, *et al.*, | ) |
| Defendants | ) |

### **O R D E R**

Plaintiff Jefferson has filed a document entitled "Plaintiff's Response in Opposition to Defendant Corizon, Inc.'s Motion for Summary Judgment and Plaintiffs Cross Motion for Summary Judgment" (Docket Entry No. 158). Defendant Corizon has filed its motion to strike Plaintiff's "cross" motion for summary judgment (Docket Entry No. 164).

While Plaintiff's filing will be considered by the Court as his response in opposition to Defendant Corizon's motion for summary judgment, Plaintiff's filing, despite its title, does not satisfy basic procedural requirements for a motion for summary judgment. Specifically, Local Rule 56.01(b) requires that any motion for summary judgment be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citations to the record. Plaintiff

Jefferson's filing fails to satisfy this procedural requirement to be considered as a motion for summary judgment.

In addition, Plaintiff's filing consists of approximately 29 pages of argument interspersed with legal citations and approximately 200 more pages consisting mainly of copies of random documents many of which are unauthenticated. These documents include copies of discovery responses as well as other filings in this case and in other cases, as well as what appears to be documents of various kinds produced by the Defendants in response to Plaintiff's written discovery. These documents are totally unorganized and Plaintiff Jefferson offers little or no explanation of how these documents are relevant to any issue in the case. Summarizing, this filing by Plaintiff Jefferson wholly fails to satisfy procedural requirements of Local Rule 56.01 as well as Rule 56(c) of the Federal Rules of Civil Procedure. Accordingly, the Court will consider the subject filing by Plaintiff as his response in opposition to Corizon's motion for summary judgment, but will not regard or consider this filing as a motion for summary judgment on behalf of Plaintiff Jefferson.

Given the foregoing ruling, Defendant Corizon's motion to strike (Docket Entry No. 164) is **DENIED** as moot.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge