IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-00485 |
| ) | Judge Sharp/Bryant |
| CHARLES BARLESS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

To: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Currently pending before the Court are Defendant Ferrer, Poirot, and Wansbrough's ("FPW") Motion to Dismiss for Failure to State a Claim (Docket Entry No. 181) and Motion for Summary Judgment (Docket Entry No. 182). Plaintiff has filed a Response in opposition to these motions (Docket Entry No. 189). Because the undersigned will consider FPW's statement of undisputed facts (Docket Entry No. 183) and the Ferrer Affidavit (Docket Entry No. 182-1), only the Motion for Summary Judgment is addressed. See Fed. R. Civ. P. 12(d); 56. For the reasons set forth below, the undersigned Magistrate Judge recommends that Defendant FPW's Motion for Summary Judgment be GRANTED.

### II. STATEMENT OF THE CASE

Plaintiff Samuel Jefferson, an inmate of the Tennessee Department of Correction at the outset of this action, initially filed this suit *pro se* against Defendant FPW and others on May 15, 2012. (Docket Entry No. 1). Plaintiff made numerous claims, most of which were

dismissed upon this Court's initial screening pursuant to 28 U.S.C. § 1915(e)(2). (Docket Entry No. 11). Plaintiff then addressed the surviving claims under 42 U.S.C. § 1983 against Defendants FPW, George Barlis, and Corizon, Inc. in an Amended Complaint.[1] (Docket Entry No. 90). Within this complaint, Plaintiff alleged that Defendant FPW conspired with Barlis and Corizon, Inc. to trick Plaintiff into reentering the inmate mental-health program with the Tennessee Department of Correction and implied that this conspiracy was intended to interfere with Plaintiff's ability to pursue two other, separate, lawsuits involving overlapping defendants that were already pending in this district.[2]

On October 21, 2013, Defendant FPW filed an Amended Motion to Dismiss[3] under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 181), and in the alternative, a Motion for Summary Judgment (Docket Entry No. 182). These motions were accompanied by a Memorandum in Support of the Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 184), as well as a document in which FPW presented the undisputed facts upon which it argued summary judgment in its favor was warranted (Docket Entry No. 183). Plaintiff responded in opposition to these motions, arguing that because the Court had not yet dismissed his complaint against FPW and had issued a scheduling order in the case, the action at hand should continue to move forward. (Docket Entry No. 189).

---

[1] The claims against Barlis and Corizon have since been dismissed through their respective motions for summary judgment. (Docket Entry No. 197).

[2] These actions are Case No. 3:10-cv-745, in which FWP is also a defendant, and Case No. 3:12-cv-00988, in which Corizon, Inc. is also a defendant.

[3] FPW invoked Rule 12(b)(6) in the same filing as its Answer to the Amended Complaint (Docket Entry No. 94), but as it lacked the accompanying memorandum required by Local Rule 7.01(a), it was not properly before the Court as a motion to dismiss. (Docket Entry No. 139).

III. ANALYSIS

(1) Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In determining whether the movant has met its burden, the court must view the evidence in the light most favorable to the nonmoving party. Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014). However, because a primary objective of summary judgment under Rule 56 is to "isolate and dispose of factually unsupported claims or defenses," the movant need not produce affirmative evidence showing the absence of a triable factual issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Rather, "the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

The party opposing a properly supported motion must then come forward with probative evidence of specific facts showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Specifically, the Supreme Court has held that a plaintiff cannot "rest on his allegations of a conspiracy to get to a jury without 'any significant probative evidence to support the complaint.'" Id. at 249 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290 (1968)).

Because the plaintiff is proceeding *pro se*, his complaint must be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "basic pleading essentials" must still be met. Wells v. Brown, 891

F.2d 591, 594 (6th Cir. 1989). Accordingly, conclusory allegations that are not supported by specific evidence are insufficient to establish a genuine issue of material fact. Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990). The Supreme Court has further instructed courts that "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

(2) Motion for Summary Judgment

The 6th Circuit has explained that a civil conspiracy involves "an agreement between two or more persons to injure another by unlawful action." Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985). A plaintiff alleging a civil conspiracy under 42 U.S.C. § 1983 must show "that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." Id. at 944.

Turning to the instant case and applying these principles as well as the summary judgment standard of review discussed above, the undersigned finds that Plaintiff has not met his burden of providing probative evidence in support of his claims sufficient to create the genuine issue of material fact required to survive the summary judgment stage. Defendant's Motion for Summary Judgment and supporting documents, skeletal as they are, are nonetheless sufficient to discharge Defendant's burden, in that Defendant has adequately demonstrated to the undersigned that Plaintiff cannot to produce the evidence and specific facts necessary to support his conspiracy claim. The Ferrer Affidavit (Docket Entry No. 182-1) essentially presents a general denial of Plaintiff's conspiracy allegations,

4

and the Statement of Undisputed Facts (Docket Entry No. 183 at 5) eventually[4] puts forth two statements in which Defendant denies any involvement with its co-defendants and in matters related to Plaintiff's custody with the Tennessee Department of Correction. Plaintiff's Response opposing the motion fails to address, much less establish, the existence of a genuine dispute as to any material fact. Therefore, there is no basis upon which the Plaintiff could advance his complaint against Defendant to trial, and Defendant's Motion for Summary Judgment should be granted.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant FPW's Motion for Summary Judgment be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 153 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 23rd day of June, 2014.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[4] Confusingly, in this document, Defendant first reprints Plaintiff's allegations against it. However, Defendant does then list its two undisputed facts. (Docket Entry No. 183 at 5). Plaintiff fails to address either statement in his subsequent Response to the motions.